STRATTON
v.
ROGERS.

We have satisfied ourselves that this donation was really intended as a donation *in futuro* of the sum of ten thousand dollars, payable out of *Rogers'* succession. It was, therefore, the donation of future property. 4 Marcadé, No. 280. This class of donations is provided for by Article 1738 of the Civil Code, which is in these words:

"A donation of property in future, *or of property present and in future*, made between married persons by marriage contract, whether simple or reciprocal, shall be subject to the rules established by the preceding chapter with regard to similar donations made to them by a third person, except that it shall not be transmissive to the children, the issue of the marriage, in case of the death of the *donee* before the donor."

If we recur to the preceding chapter to ascertain what the rules thus referred to are, we find that the donation made by a third person by the marriage contract to either of the spouses, is given upon a condition. The last paragraph of Article 1728 is in these words: " Such a donation, though made for the benefit of the parties to the marriage or one of them, is always in case of the survivorship of the donor, presumed to be made for the benefit of the children or decendants to proceed from that marriage."

And by Article 1734 it is expressly provided that:

" Donations made to the husband or wife on the terms of Articles 1728 and 1730, fall, if the donor survive the *donee and his or her posterity*."

The meaning of Article 1738 is, therefore, this: If the donor has made a donation to his wife, simply of future property, and he survives her, the donation will fail, although there was issue of the marriage.

We attach no importance to the word irrevocable, used in the instrument. At most, it could only mean irrevocable by the acts of the donor. It could not be intended to imply that the instrument should not be revocable by the act of God, (the death of the wife) and the condition imposed by law upon the donation.

We think that the donation is revoked by the intention of the parties and the operation of the laws. We feel ourselves therefore relieved from the necessity, of affirming the judgment which our brother of the District Court rendered with so much reluctance.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court be avoided and reversed, and that there be judgment in favor of the defendant and against the demand of the plaintiff, with costs of both courts.

---

## SUCCESSION OF DANIEL D. VANCOURT.

D. D. V. jr., son of D. D. V., the deceased, mortgaged a house to G. The mortgage contained the pact *de non alienando*. G. transferred the mortgage, by public act, with subrogation to V., and afterwards D. D. V. jr., sold the property to his father, who died; and the property was duly inventoried as belonging to the succession. The succession property was ordered to be sold. The house was accordingly sold, and bought by M. In the meantime V. obtained an order of seizure and sale, under which the house was sold and V. became the purchaser. On a rule taken by the administratrix to raise the mortgage, it was *Held:* That the mortgage of V. was superior to the title of the

deceased; and as the mortgage contained the pact *de non alienando*, V. had the right to pursue the property by executory process, not only in the hands of the administratrix, but against any purchaser of the property at the sale of the property of deceased.

APPEAL from the Second District Court of New Orleans. *Morgan*, J.

*Culbertson* and *Le Gardeur*, for *Vasserot*, appellant. *Michel* and *Lemley*, for administratrix.

MERRICK, C. J. On the eighteenth day of November, A. D. 1854, *Daniel D. Vancourt, Jr.*, the son of the deceased, *Daniel D. Vancourt*, mortgaged a house and lot in the Fourth District of New Orleans, to *E. G. Gottschalk*. The mortgage contained the pact *de non alienando*.

*Gottschalk*, by notarial act, transfered the mortgage to *Chaffrey Vasserot*, and subrogated him to his rights.

*Daniel D. Vancourt, Jr.*, sold the mortgaged property to his father.

*Daniel D. Vancourt, Sr.*, died, and the property mortgaged by his son was inventoried as belonging to his, the father's estate.

On the 16th day of November, 1855, an order of sale, issued from the Second District Court, for the sale of the property of the succession, and on the 22d day of December, of the same year, the house and lot in question were sold as the property of *D. D. Vancourt*, deceased, and bought by *A. A. Mellaerto* for $1,300. *Vasserot*, in the meantime, viz: on the 24th day of November, 1855, obtained an order of seizure and sale against *D. D. Vancourt, Jr.*, the mortgagor, for the sale of the mortgaged property. On the 12th day of January, 1856, the property was sold at Sheriff's sale, *Chaffrey Vasserot* became the purchaser for the sum of $1,350.

The administratrix of *D. D. Vancourt* took a rule upon *Vasserot* and other mortgage creditors, to show cause why the mortgages should not be erased and cancelled.

The rule was opposed by *Vasserot*, among other reasons on the ground that the Court had no right in this proceeding to deprive him of the benefit of his mortgage and purchase.

The District Judge was of the opinion that although he could not do away with any of the mortgagee's rights, he could order the sale of property within his jurisdiction and thereupon he made the rule absolute, but reserved to the mortgagees the right, if any they have, to claim the sums due them out of the proceeds of the sale, in the hands of the administratrix.

*Vasserot* appealed.

The District Court has fallen into error in not distinguishing, between the crèditors of the intestate and those of a previous holder of the mortgaged property. *Vasserot* was not a creditor of *D. D. Vancourt*, deceased; hence he could not be compelled to appear in the *concourso* and contest his rights to the proceeds with the mortgage creditors of the intestate.

*Vasserot's* mortgage was superior to the title of *D. D. Vancourt*, deceased, his debtor was a former holder of the property, and having his mortgage protected with the pact *de non alienando* he had the right to pursue the property by his executory process, not only in the hands of the administratrix, but against any purchaser of the property at the probate sale of *D. D. Vancourt*, deceased. *Offut et al* v. *Hendsley et al*, 9 L. R. 14.

This is sufficient to dispose of the rule taken in this case, and it is unnecessary to pass upon any other matter discussed by the litigants.

It is, therefore, ordered, adjudged and decreed by the court that the judgment on the rule taken by widow *C. Vancourt*, administratrix, on *Chaffrey Vasserot* and others, be avoided and reversed as to the said *Chaffrey Vasserot*, appellant, and that the said administratrix and appellee take nothing by her said rule as against the said *Vasserot*, and that she pay the costs of both courts.